UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DION ERIC X-SAVAGE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-428-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC D. WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Petitioner Dion Eric X-Savage is confined in the in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky.  X-Savage has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1].

Promptly after the filing of a petition for writ of habeas corpus, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)).  *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243.  The district court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 Fed. Appx. 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Savage has failed to demonstrate that his available remedy, under 28 U.S.C. § 2255 is inadequate and ineffective to challenge his federal conviction and sentence.  Consequently, his § 2241 petition will be denied and this proceeding will be dismissed.

### I.

Savage challenges his federal conviction and sentence, alleging that they violate his due process rights guaranteed under the Fifth Amendment to the United States Constitution. Savage asserts two specific arguments. First, he argues that his conviction was the result of "coerced perjured" testimony from an adverse witness whom he identifies as Claude Carter. [R. 2, pp. 5-6.] He states that his recent discovery of Carter's testimony constitutes "newly discovered exculpatory and material evidence." *Id*.

Second, he argues that his mandatory life sentence for crack cocaine offenses, imposed pursuant to § 848(b), is excessive in light of the Department of Justice's ("DOJ") new policy regarding how ratios of crack cocaine are determined, which impacts the length of the sentence imposed. [*Id*., p. 6.] According to Savage, the DOJ's new policy will reduce the penalty disparity between powder cocaine offenses and crack cocaine offenses, which in the past have resulted in higher penalties, and thus longer sentences, for crack cocaine offenders. Savage further asserts that he was erroneously sentenced for crack cocaine offenses when he was indicted for powder cocaine offenses. [*Id*, p. 6.]

### II.

Following a jury trial in the United States District Court for the Eastern District of Michigan in 1997, a jury convicted Savage of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(l) & 846, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States of America v. Dion Eric Savage*, 2:95-CR-50061 (E.D. Mich.) ("the Trial Court"). Savage was sentenced to concurrent terms of life imprisonment for the continuing

criminal enterprise conviction and ten years of imprisonment for the firearm conviction, but was not sentenced for the conspiracy conviction because it was a lesser included offense of the continuing criminal enterprise conviction.

The Sixth Circuit vacated Savage's conspiracy conviction on direct appeal, but affirmed his continuing criminal enterprise and firearm convictions. *United States v. Simpson*, Nos. 97-2305, etc., 1999 WL 777348 (6th Cir. Sept. 21, 1999). The mandate issued in Savage's appeal on October 13, 1999. The Sixth Circuit rejected Savage's subsequent petition for rehearing as untimely, and the Supreme Court denied his petition for certiorari. *Savage v. United States*, 529 U.S. 1055 (2000).

Savage moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Trial Court vacated his firearms conviction and denied his motion on all other grounds. The Sixth Circuit affirmed the Order denying Savage's motion to vacate. *Savage v. United States*, 25 Fed. Appx. 280 (6th Cir. 2001). Thereafter, Savage filed numerous other post-conviction motions in the Trial Court, all of which were denied.[1]

On December 22, 2005, Savage filed a § 2241 habeas corpus petition in this Court. *See Savage v. Hastings*, No. 7:05-00403 (E.D. Ky.). On March 9, 2006, the Court denied his § 2241 habeas corpus petition, finding that under the law of this circuit, Savage had not established that his relief in the Trial Court, via § 2255, had been inadequate or ineffective to challenge his conviction and sentence. [*Id.*, R. 6]; *see also Savage v. Hastings*, 2006 WL 625209 (E.D. Ky. Mar. 9, 2006). Savage filed a motion under Federal Rule of Civil Procedure 59(e) to alter or

---

[1] *See* Orders entered in the Trial Court proceeding: [R. 230, 296, 407, 427, 443, 445, 447, 448, 520, 635, 727, 733, 745, 756, 777, and 780.]

3

amend the judgment. The Court denied the motion as meritless, and Savage appealed. The Sixth Circuit affirmed, concluding that Savage had established neither that he was actually innocent of the crimes for which he was convicted, nor that an intervening statutory interpretation had rendered non-criminal the conduct for which he had been convicted. *See Savage v. Hastings*, Nos. 06-5599 and 06-5600 (6th Cir. Oct. 27, 2006) (unpublished).

More activity ensued in the Trial Court. The Public Access to Court Electronic Records ("PACER") website reveals that on March 24, 2008, Savage filed a motion under 18 U.S.C. § 3582(c)(2) seeking retroactive application of the Sentencing Guidelines for Crack Cocaine offenses. *See* Trial Court Docket Sheet, R. 775. After conducting a hearing on Savage's motion, the Trial Court entered an Order denying Savage's request to reduce his sentence. *Id.*, R. 827. Savage appealed. *Id.*, R. 830. On January 14, 2010, the Sixth Circuit denied Savage's motion to recall the mandate which it had issued ten years prior when it affirmed Savage's underlying criminal conviction. *Id.*, R. 837.

On February 1, 2010, Savage filed a new motion in the Trial Court to vacate his sentence under § 2255.[2] *Id.*, R. 843. On February 12, Savage filed a motion to amend his § 2255 motion pursuant to Federal Rule of Civil Procedure 15(a). *Id.*, R. 845. In that motion, as he did in the instant § 2241 petition filed on December 30, 2009, Savage challenged his conviction under 21 U.S.C. § 848(a). Specifically, Savage argued that his indictment was defective because it did not contain, or put him on notice of, the essential elements of a § 848(c) offense. He also argued that through the filing of various transcripts in the Trial Court on December 9, 2009, he had recently

---

[2] That motion was docketed as a separate § 2255 proceeding and was assigned a new docket number: *Savage v. United States*, 2:10-CV-10421 (E.D. Mich).

discovered that adverse witness Claude Carter had given "coerced and perjured" testimony against him at trial, which testimony constituted "newly discovered exculpatory and material evidence." *Id*., pp. 1-2. Savage argued that absent Cater's perjured testimony, the jury would not have returned a guilty verdict against him. *Id*., pp. 2-3; pp. 7-8.

### III.

In this proceeding, Savage fails to state claims cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

The savings clause provides an exceedingly narrow exception. The § 2255 remedy is not "inadequate and ineffective" simply because the prisoner presented his claim in a prior post-conviction motion under § 2255 and was denied relief. *Charles*, 180 F.3d at 756-58. Instead, the Sixth Circuit has held that this exception only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Here, review of the ongoing proceedings in the Trial Court reveals that as recently as February 1, 2010, Savage filed a § 2255 motion in the Trial Court, that he asked to amend that motion as recently as of February 12, 2010, and that, in those filings, he raised the very same issues which he had raised in the instant § 2241 petition, filed just four weeks prior to the § 2255 motion. These issues are: (1) whether his sentence was unconstitutionally excessive based on erroneously calculated crack cocaine drug ratios [Trial Court Docket, R. 843]; and (2) whether his recent discovery that adverse witness Claude Carter (allegedly) gave coerced and perjured testimony against him at trial constitutes "newly discovered exculpatory and material evidence" warranting relief from his life sentence [*Id*., R. 845].

While the § 2255 motion is pending in the Trial Court, Savage cannot prove that his § 2255 remedy is either inadequate or ineffective. The Trial Court should be given the full opportunity either to address Savage's claims, or to forward his motion and amendment thereto to the Sixth Circuit Court of Appeals for consideration. "The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. Here, relief under § 2241 is not warranted because the record clearly reflects that [the petitioner] is still in the process of litigating

6

whether his 115-month sentence was proper . . . ." *White v. Grondolsky*, No. 06-CV-309, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006); *see also Reynolds v. Martinez*, No. 09-CV-2509, 2009 WL 3182918, at *1 (3d Cir. Oct. 6, 2009).

In summary, Savage's § 2241 petition is clearly prematurely before this Court while his § 2555 motion is still pending in the Trial Court. His § 2241 petition will be denied, and this proceeding will be dismissed.

### IV.

Accordingly, **IT IS ORDERED** that:

1. Dion X-Savage's petition for writ of habeas corpus [R. 2] is **DENIED**.

2. This action shall be **DISMISSED** and **STRICKEN** from the active docket.

3. Judgment shall be entered contemporaneously with this Order in favor of Eric Wilson, the named Respondent.

This the 18th day of March, 2010.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge